**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Clarence BROOKS and Herman McCall,
Defendants-Appellants.**

**Nos. 15013, 15014.**

United States Court of Appeals
Seventh Circuit.

Dec. 21, 1965.

Certiorari Denied April 4, 1966.

See 86 S.Ct. 1274.

Jewel Lafontant, Stradford, Lafontant & Lafontant, Chicago, Ill., for defendants-appellants.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, John Powers Crowley, Archibald T. LeCesne, Asst. U. S. Attys., Chicago, Ill., for appellee, Gerald M. Werksman, Lawrence Jay Weiner, Asst. U. S. Attys., of counsel.

Before SCHNACKENBERG, KILEY and SWYGERT, Circuit Judges.

KILEY, Circuit Judge.

Brooks was convicted by the district court, without a jury, under a two-count indictment of selling narcotics,[1] and McCall convicted under the same counts of aiding in the sales.[2] Concurrent sentences were imposed. Both have appealed. We affirm as to both.

A narcotics agent was introduced to McCall, an addict, by an informant, Vaughn. McCall, with money furnished by the agent, purchased heroin from Brooks at the time alleged in the indictment. The adequacy of proof is not contested. The contention here is that Brooks and McCall were trapped into the offense by the Government.

Their arguments on entrapment assume the truth of the defense testimony that Vaughn planted the seed of the offense in the mind of McCall, an addict in need of heroin; and that McCall, to win a reward of heroin promised by Vaughn to satisfy his need, propagated the seed in the mind of Brooks to induce the sale. But the district court did not believe this testimony. And the testimony of the Government witnesses plus the prior narcotic records of defendants warranted the court's inference that defendants were predisposed to commit the offense; and that the Government agent and informer merely afforded the "opportunity" for the crime. Sherman v. United States, 356 U.S. 369, 372–373, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958), Sorrells v. United States, 287 U.S. 435, 441, 53 S.Ct. 210, 77 L.Ed. 413, 86 A.L.R. 249 (1932). Defendants were not entitled to acquittal on the ground of entrapment.

A second contention is that Brooks' fifth amendment rights were violated by the district court's treatment of an involuntary confession made by him.

At the trial an agent identified the confession after testifying that Brooks, before signing, had been advised of his right not to answer and that he signed of "his own voluntary will." Over objection of Brooks, the confession was admitted as to him, with the qualification by the court that if cross-examination showed involuntariness, the confession

1. 26 U.S.C. § 4705(a) and 21 U.S.C. § 174.

2. 18 U.S.C. § 2.

"will be stricken." On cross-examination it developed that when agents arrested Brooks about two months after his sale of heroin to McCall, he was told that if he cooperated that fact would be brought to the attention of the United States Attorney "handling his case." Brooks later signed a confession at the Narcotics Bureau.

At the conclusion of the Government's case, Brooks' attorney renewed objection to the confession and moved the court, in the light of Lynumn v. State of Illinois, 372 U.S. 528, 83 S.Ct. 917, 9 L.Ed.2d 922 (1963), to reserve ruling on its introduction until the close of all the evidence. The court vacated its order admitting the confession and reserved ruling. Thereafter, and before the Government rested its case, the court admitted the confession subject to disregarding it if "coercion" was shown by further evidence "limited" to the issue of involuntariness of the confession. Brooks testified on this limited issue and, after argument by counsel, Brooks' objection was overruled, the confession was admitted and read by the court.

At the close of all the evidence, and after arguments, the court sustained the objection, suppressed the confession, and said, "I will not read it." The court inferred from the testimony that there was a promise, or a belief on Brooks' part of a promise of aid.

Brooks argues that, on that record, it cannot reasonably be said that the court, knowing the substance of the confession, dismissed it from his mind, and "took no account" of it in arriving at a judgment.

■ There is no merit in this argument. Brooks waived a jury trial and submitted his cause to the judge. Had a preliminary hearing on the issue of voluntariness been held, according to approved procedure, the court would know that Brooks had made a confession and would have been duty bound after a ruling of inadmissibility to disregard it in determining guilt. This is a common function in the work of trial judges, and the absence of a rule requiring one judge to hear the testimony on voluntariness of a confession and another to determine guilt indicates satisfaction with the present practice. To hold otherwise would work an undue and unwarranted burden on district courts, especially in a case like this, where the issue of voluntariness does not arise until after the trial has commenced and defendant has waived a jury trial. Our jurisprudence postulates the ability of judges to dismiss from their minds, in reaching decisions, offers of evidence excluded by rulings after hearing arguments on admissibility of that evidence.

■ No reason is advanced by Brooks for presuming that in this case the district court was not able to, and did not, disregard the confession he ordered suppressed. There is substantial support, apart from the suppressed confession, for the conviction of both McCall and Brooks, and this is what the district court relied on. The decision in Payne v. State of Arkansas, 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975 (1958), involving the jury trial of a murder case, where the coerced confession had been admitted for consideration by the jury, does not militate against our conclusion on this point. And in Lynumn v. Illinois, 372 U.S. 528, 536–537, 83 S.Ct. 917, 9 L.Ed.2d 922 (1963), the motion to strike the incriminating testimony, found to have been involuntarily given, was denied, and the State court admitted and considered the testimony. The United States Supreme Court found the testimony "coerced" and reversed, refusing to accept the harmless error doctrine.[3] Neither Payne nor Lynumn is our case. Here the confession was suppressed and not relied upon for conviction.

The judgments are affirmed.

---

3. On the subject of improper evidence in nonjury trials, see generally Note, 79 Harv.L.Rev. 407 (1965).