COMMONWEALTH *vs.* ERNEST W. COYNE.

Suffolk.    April 4, 1977. — May 17, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & ABRAMS, JJ.

*Practice, Criminal,* Judicial discretion, Fair trial, Disqualification of judge, Motion for finding.  *Judge.  District Attorney.*

There was no merit in a criminal defendant's argument that his classification as a "major violator" by a district attorney's office was so prejudicial as to require injunctive and other relief against the district attorney.  [600-601]
A judge who had heard the defendant testify on a pre-trial motion to suppress admissions made by him and who had denied the motion was not disqualified from subsequently presiding at the jury waived trial of the defendant.  [601-604]
Evidence that the defendant was the person who, armed and masked, ordered a bank teller to unlock his cash drawer and was within a foot and a half of the open top drawer when the teller bent over to unlock the bottom drawer, that an audit disclosed that $655 was missing from the top drawer, and that no one was allowed to enter the area except the tellers and auditors warranted a finding that the defendant was guilty of armed robbery.  [604]

INDICTMENTS found and returned in the Superior Court on November 7, 1975.

A pre-trial motion to suppress evidence was heard by *McLaughlin,* C.J., and the cases were heard by him.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*James D. McDaniel, Jr.,* for the defendant.

*Thomas J. Mundy, Jr.,* Assistant District Attorney, for the Commonwealth.

BRAUCHER, J.  The defendant appeals under G. L. c. 278, §§ 33A-33G, from convictions on two indictments for robbery, armed and masked, and one indictment each for unlawful possession of a firearm in a motor vehicle and unlawful carrying of a firearm on his person. He claims

error (1) in his classification by the district attorney's office as a "major violator," (2) in his jury waived trial before a judge who had heard his testimony in a pre-trial suppression hearing, and (3) in the denial of his motion for a finding of not guilty on one of the indictments. We transferred the case to this court on our own motion, and we affirm the judgments.

1. *"Major violators."* The "major violators" program is conducted by the district attorney's office with the assistance of a grant of Federal funds. Its purpose is to give priority to serious cases. The defendant by pre-trial motions sought an injunction against his characterization as a major violator, reassignment of his case to a different section of the district attorney's office, stay of the trial, examination of the prosecutor's documents on which his classification was based, access to a list of "all those persons who have been processed through this program," and funds for investigation of the program. The judge denied the motions: "I don't think there is any duty on the District Attorney's office upon request to turn over the details of the administration of the District Attorney's office, particularly where I have been completely unable to see any prejudice attaching to your defendant on the several motions before me, which is the ultimate test." We agree.

The defendant argues that his classification as a major violator, without disclosure of criteria, subjected him to a requirement of excessive bail, isolated him from others awaiting trial, eroded the presumption of innocence, tended to brand, stigmatize and embarrass him, "prevented him from meaningfully engaging in the plea bargaining system," and precluded his obtaining effective assistance of counsel, all in violation of various provisions of the State and Federal Constitutions. He further asserts that there is a "general prejudicial attitude" toward defendants so classified, and that a disparately high number of black defendants are so classified. He is black.

The defendant and an accomplice were charged with robbery of a bank while masked and armed with a revolver

and a machine gun. At the time they were on bail on another bank robbery charge. He did not seek bail review. Cf. *Commesso* v. *Commonwealth,* 369 Mass. 368 (1975); *Commonwealth* v. *Roukous,* 2 Mass. App. Ct. 378, 381 (1974). There is no support in the record for his claims of prejudice except impressionistic and conclusory assertions of counsel, made in an affidavit and in argument. In his discretion the judge could require a more substantial factual predicate for the expenditure of public funds. Cf. *Commonwealth* v. *Silva,* 371 Mass. 819, 821 (1977) (public funds for psychiatric assistance). Similarly, we think, there was no abuse of the judge's discretion in his refusal to interfere with the "wide discretion" of the prosecutor. *Manning* v. *Municipal Court of the Roxbury Dist. ante,* 315, 318 (1977). See *Commonwealth* v. *Beneficial Fin. Co.,* 360 Mass. 188, 365 (1971), cert. denied sub nom. *Farrell* v. *Massachusetts,* 407 U.S. 910, and sub nom. *Beneficial Fin. Co.* v. *Massachusetts,* 407 U.S. 914 (1972). The decision to negotiate with a defendant about the terms of a guilty plea rests solely in the prosecutor's discretion. See *Newman* v. *United States,* 382 F.2d 479, 480-482 (D.C. Cir. 1967).

2. *Disqualification of the judge.* The defendant testified at a hearing on a pre-trial motion to suppress admissions made by him to an agent of the FBI at a police station and in jail. The judge denied the motion, and no issue is raised as to the denial. Immediately thereafter the prosecutor moved for trial, the defendant filed a waiver of his right to trial by jury, and the trial began before the same judge. The next day the judge on his own motion called counsel's attention to *Commonwealth* v. *Jones,* 362 Mass. 497 (1972), and asked whether defense counsel had any objection to his going forward with the trial after having heard "virtually admissions of guilt on the part of the defendant." The judge also said, "I don't see personally where it prejudices me from hearing the issue jury-waived, although I will indicate to you candidly that I believed the FBI agent; and the evidence of the defendant when he testified, although not admissible in a trial in

chief, seemed to me to be a frank admission of the basic elements of the crime." Counsel left to discuss the matter with his client; when he returned the judge said he had reread the *Jones* case and would proceed with the trial. Counsel excepted, but did not move for a mistrial.

This case does not involve the question, much discussed, whether a judge can find a confession involuntary and later preside at a jury waived trial. See *Commonwealth* v. *Paquette,* 451 Pa. 250, 258 (1973); *People* v. *Brown,* 24 N.Y.2d 168, 171-173 (1969); Levin & Cohen, The Exclusionary Rules in Nonjury Criminal Cases, 119 U. Pa. L. Rev. 905, 919-925 (1971). In the present case we must assume that the defendant's admissions were properly admitted in evidence at the trial. The defendant's pre-trial testimony, however, was inadmissible at trial. *Simmons* v. *United States,* 390 U.S. 377, 389-394 (1968). In this situation there is authority that the motion judge is not disqualified from acting as trial judge without a jury. *In re M.D.J.,* 346 A.2d 733, 735-736 (D.C. Ct. App. 1975). Cf. *People* v. *Yacks,* 38 Mich. App. 437, 441 (1972).

The judge correctly pointed out that in the *Jones* case the motion to suppress was *erroneously* denied; in such a case it "makes little sense to urge that this vital and damaging evidence did not have some influence on the judge's final judgment when the case was tried before him without a jury." 362 Mass. at 503 n.5. In other situations we have recognized that it may be better practice for the judge to recuse himself. *Commonwealth* v. *Brown,* 364 Mass. 471, 480 n.20 (1973). *Corey* v. *Commonwealth,* 364 Mass. 137, 141 n.7 (1973). In some circumstances, disqualification is required by statute. See, e.g., G. L. c. 119, § 56 (appeal to Boston Juvenile Court); G. L. c. 119, § 61 (criminal trial after dismissal of juvenile complaint); G. L. c. 218, § 27A (appeal to jury of six in District Court). But in general we have left disqualification to the discretion of the judge. *Commonwealth* v. *Leventhal,* 364 Mass. 718, 722 (1974), and cases cited. *Commonwealth* v. *Val-*

*liere,* 366 Mass. 479, 483 (1974). *Commonwealth* v. *Keigney,* 3 Mass. App. Ct. 347, 349-351 (1975). See *Withrow* v. *Larkin,* 421 U.S. 35, 56 (1975). This is particularly so where, as here, the judge clearly recognizes the appropriate limitation on the use of the evidence in question. *Commonwealth* v. *Beaulieu,* 3 Mass. App. Ct. 786 (1975) (inflammatory evidence in jury waived trial). *United States* v. *Krol,* 374 F.2d 776, 779 (7th Cir.), cert. denied, 389 U.S. 835 (1967) (improper admission of evidence). In the present case, moreover, the inadmissible pre-trial testimony of the defendant was substantially the same as his admissions, which were properly put in evidence at trial.

We are confirmed in the view that there was no error by the fact that the defendant brought about the situation. The record before us does not indicate any request by him that the motion to suppress be heard by a judge other than the trial judge, or any advance indication of his intention to waive jury trial. The hearing on the motion was held immediately before trial; so far as appears, the waiver of jury trial was filed only after the motion was denied; and the trial proceeded forthwith before the same judge, with no objection by the defendant. The judge raised the question on his own motion on the second day of trial, and the defendant made no objection until the judge said he would proceed. Even then, the defendant merely asked that the judge save whatever rights he had. There is no suggestion here of a deliberately dilatory tactical maneuver, but a reversal in such circumstances would open the door unnecessarily to such maneuvers. Cf. *United States* v. *Brooks,* 355 F.2d 540, 542 (7th Cir. 1965), cert. denied, 383 U.S. 969 (1966) (issue of voluntariness of confession raised after jury waived trial commenced); *People* v. *Fultz,* 32 Ill. App. 3d 317, 333-334 (1975) (failure to object to suppression hearing in conjunction with trial); *State* v. *Hutchinson,* 260 Md. 227, 232-234 (1970) (denial of motion to suppress, followed by ruling at jury waived trial before a second judge that confession was

involuntary and guilty of finding on other evidence); *Commonwealth* v. *Green,* 464 Pa. 557, 561-564 (1975) (same).

3. *Motion for finding of not guilty.* The defendant moved for a finding of not guilty on each indictment, but argues only the denial of the motion with respect to one of the two robbery indictments. The two robbery sentences were identical and concurrent. There was ample evidence to permit the judge to infer the existence of the essential elements of the crime. See *Commonwealth* v. *Sandler,* 368 Mass. 729, 740 (1975). Evidence was admitted without objection from which it could be found that the defendant was the man, armed and masked, who ordered the teller Bruce Jones to unlock his cash drawer and was within a foot and a half from the open top drawer when the teller bent over to unlock the bottom drawer, that an audit disclosed that $655 was missing from the top drawer, and that no one else was allowed to enter the area but the tellers and the auditors. The defendant's contention that there was "no direct evidence that any money was missing" from the drawer is frivolous.

*Judgments affirmed.*