Brassard, J.
Defendant Bright Horizons Children’s Centers, Inc. (“Bright Horizons”) seeks discovery of materials in the possession of the Suffolk Couniy District Attorney’s office, a nonparty. The materials sought were generated in connection with a criminal investigation that has since been closed. The District Attorney has moved to quash the subpoena duces tecum and seeks a protective order. Bright Horizons has opposed this motion.[1] For the following reasons, the District Attorney’s motion to quash is denied and its motion for a protective order is denied.
BACKGROUND
The underlying action relates to allegations of sexual abuse of a minor child. Bright Horizons issued a subpoena duces tecum which requests that the Keeper of Records for the Suffolk County District Attorney’s Office appear for a deposition with specific materials or, in the alternative, that the Keeper of Records simply produce the materials sought. The requested materials are as follows: (a) any and all videotapes or audiotapes of interviews with the minor child or her parents; (b) transcriptions or originals of any and all interviews conducted of the minor child or her parents, recorded by any means whatsoever; (c) transcriptions or originals of any and all interviews conducted of any employee, former employee, agent, officer or any other individual affiliated with Bright Horizons; (d) any and all reports or copies of reports of any governmental agency relating to the minor child or her parents, including but not limited to any and all reports from the Department of Social Services or any law enforcement agency; and (e) any and all documents or things contained in any file relating to plaintiff and/or the alleged assailant.
DISCUSSION
Absolute Privilege
The District Attorney argues that the records sought by the subpoena are protected by an absolute privilege as set forth in Worthington v. Scribner, 109 Mass. 487, 488 (1872). In Worthington, the court set forth a privilege for communications made to a prosecutor for the purpose of securing law enforcement. 109 Mass. at 488-89. This privilege was based on the rationale that it is necessary to protect such confidential communication in order to encourage citizens to come forward with information regarding the commission of crimes. Id.
In 1973, the legislature enacted the “Public Records Act,” G.L.c. 66, §10.[2] This statute is complemented by G.L.c. 4, §7 which sets forth exemptions to mandatory disclosure under the act. The Public Records Act requires public access to various records and documents in the possession of public officials unless otherwise exempt. G.L.c. 66, §10 (1996).
It appears that the Public Records Act has subsumed the common law privilege asserted by the District Attorney in this case. See District Attorney for the Norfolk District v. Flatley, 419 Mass. 507, 510-13 (1995) (despite recognition of the privilege set forth by Worthington, the court applied the Public Records Act and its applicable exemptions). The current Public Records Act, its exemptions, and its application as interpreted by the Supreme Judicial Court, has incorporated the policy concerns on which the Worthington court based its grant of privilege. Furthermore, the Supreme Judicial Court has recognized that there is no blanket exemption for police records or investigatory materials and that a case-by-case review is required to determine whether an exemption to disclosure applies. See e.g., District Attorney for the Norfolk District, 419 Mass. at 512; Bougas v. Chief of Police of Lexington, 371 Mass. 59, 65 (1976).
District Attorney’s Burden
The Public Records Act requires that upon request, disclosure must be made of all “books, papers, maps, photographs, recorded tapes, financial statements, statistical tabulations, or other documentary materials or data, regardless of physical form or characteristics, made or received by any officer or employee of any agency, executive office, department, board, commission, bureau, division or authority of the commonwealth, or of any political subdivision thereof, or of any authority established by the general court to serve a public purpose," unless otherwise exempt. The District Attorney argues that the material sought by the subpoena is exempt to the extent that it falls under the “investigative materials” exemption set forth in G.L.c. 4, §7, cl. Twenty-sixth (f). G.L.c. 4, §7, cl. Twenty-sixth (f) provides an exemption to disclosure under the Public Records Act for “investigatory materials necessarily compiled out of the public view by law enforcement or other investigatory officials the disclosure of which materials would probably so prejudice the possibility of effective law enforcement that such disclosure would not be in the public interest.”
*618 In determining whether or not disclosure is in the public interest, the Supreme Judicial Court has taken into consideration the nature and content of the materials sought in conjunction with the policy considerations underlying the exemption. See e.g., District Attorney for Norfork District, 419 Mass. at 512 (1995); Bougas, 371 Mass. at 62 (1976). The factors that are considered include the avoidance of premature disclosure of the Commonwealth’s case prior to trial; prevention of the disclosure of investigative techniques, procedures or sources of information; encouragement of individual citizens to come forward and speak freely with police concerning matters under investigation; and incentive for police officers to be completely candid in recording their observations, hypotheses, and interim conclusions. Id.
The District Attorney, as custodian of the requested materials, has the burden of proving with specificity any applicable exemptions to disclosure under the Public Records Act. The District Attorney has not met his burden; rather, he has only come forth with generalized arguments in support of why the materials should not be disclosed. The District Attorney has failed to demonstrate how disclosure “would probably so prejudice the possibility of effective law enforcement that such disclosure would not be in the public interest.”
Absent any specific showing of prejudice to effective law enforcement, there is no probability, in this case, that disclosure is against the public interest.
G.L.c. 41, §97D and G.L.c. 265, §24C
G.L.c. 41, §97D provides that “all reports of rape and sexual assault. . . and all conversations between police officers and victims of said offenses shall not be public reports and shall be maintained by police departments in a manner which will assure their confidentiality.” The underlying intent of the statute is to foster “sensitivily for the rape victim’s plight.” Globe Newspaper Co. v. Superior Court, 379 Mass. 846, 858 n.9, vacated on other grounds 449 U.S. 894 (1980), on remand 383 Mass. 838 (1981), rev’d on other grounds 457 U.S. 596 (1982).
A report that is not public is confidential in the sense that it is not available for dissemination to the public at large. However, a statutory requirement that the report be confidential does not mean that any disclosure whatsoever is prohibited. Defendants emphasize that they are not seeking to disseminate to the public the materials sought by the subpoena. Instead, defendants urge that they are seeking only to make the materials subject to discovery in civil litigation initiated by the victim of the alleged abuse to which the records apply. Defendants have indicated their willingness to submit to a confidentiality order. Moreover, plaintiffs can have no reasonable expectation that reports made to the police relating to the alleged abuse will not be made available to defendant in a lawsuit brought by the plaintiffs.
G.L.c. 41, §97D must be viewed in combination with G.L.c. 265, §24C. G.L.c. 265, §24C states that “the portion of the records of a court or any police department of the commonwealth or any of its political subdivisions, which contains the name of the victim in an arrest, investigation, or complaint for rape . . . shall be withheld from public inspection, except with the consent of a justice of such court where the complaint or indictment is or would be prosecuted ... Such records shall not be deemed public records under G.L.c. 4, §7.” In the case at bar, where the involved parties are aware of the name and identity of the alleged victim and where the defendants have agreed to submit to a confidentiality order, there is no risk that disclosure of such records, if they are indeed contained within the materials sought by defendants, would result in a breach in confidentiality of the victim’s name.
Other Claims of Privilege
The District Attorney argues that the material sought is privileged to the extent that it includes reports prepared by the Department of Social Services (DSS), communications between a patient and psychotherapist, or communications between a client and a social worker. The District Attorney has failed to demonstrate that the material sought actually contains any such reports. To the extent that there are documents that implicate DSS records, patient-psychotherapist communications, or client-social worker communications and the parties cannot agree as to the disclosure of that information, then an appropriate motion may be filed.
ORDER
For the foregoing reasons, it is hereby ORDERED that the District Attorney’s motion to quash subpoena duces tecum is DENIED. Before the subpoenaed material will be made available for disclosure to defendants, the parties must agree to a confidentiality stipulation. Failing an agreement, the parties may file an appropriate motion.

 The plaintiffs and the alleged assailant did not indicate any position on this issue prior to the hearing on this motion. At that time, the plaintiffs indicated that they were in support of the District Attorney’s motion and the alleged assailant indicated that his position was in support of Bright Horizons’ opposition.

 In 1851 the first such public records statute was passed. It provided for the maintenance of and access to municipal, county, and town records. St. 1851, c. 161. The present form of the public records act found in G.L.c. 66, §10 first appeared in St. 1973, c. 1050, §3. Prior to 1973, a record was not "public” unless an entry had been made pursuant to a requirement of law, or the record had been received or required to be received for filing. Hastings & Sons Publishing Co. v. City Treasurer of Lynn, 374 Mass. 812, 815 (1978) (citations omitted). The 1973 amendment brings a great many more documents into public view through the definition of public records found in G.L.c. 4, §7, Twenty-sixth, as amended through St. 1973, c. 1050, §1. Id.'