MARGUERITE RAFUSE, administratrix,[1] *vs.* TIMOTHY D.
STRYKER; DISTRICT ATTORNEY FOR THE NORTHERN DISTRICT,
intervener.

No. 03-P-864.

Middlesex. April 5, 2004. - August 13, 2004.

Present: GREENBERG, PORADA, & GREEN, JJ.

*Public Records. District Attorney. Practice, Criminal,* District Attorney.

A Superior Court judge properly allowed motions to compel production of
    documents in a wrongful death action and ruled that a district attorney
    involved with the related homicide investigation had not met her burden of
    showing that the production of certain materials related to that investiga-
    tion would probably so prejudice the possibility of effective law enforce-
    ment that such disclosure would not be in the public interest, where the
    judge properly considered the passage of more than ten years since the
    homicide — and the lack of proof that the investigation was still ongoing
    or active, as well as the corresponding doubt cast on any continuing need
    for confidentiality — in determining that the materials, including witness
    statements, were not protected from disclosure by a common-law investiga-
    tory privilege insulating communications to a district attorney to secure the
    enforcement of law or the statutory exemption to the public records law
    for investigatory material provided by G. L. c. 4, § 7, Twenty-sixth (*f*)
    [599-601]; nevertheless, the judge erred in ordering the disclosure of the
    identity of or test results performed on any individual other than the
    defendant for fingerprints, blood samples, DNA, or hair samples, or any
    other tests [601].

CIVIL ACTION commenced in the Superior Court Department on
September 27, 1996.

Motions to compel depositions and production of documents
were heard by *Patrick F. Brady*, J.

*Esther M. Bixler Piszczek*, Assistant District Attorney (*Mar-
tha Coakley*, District Attorney, & *Sheila M. Calkins*, Assistant
District Attorney, with her) for the intervener.

[1] Of the estate of Linda R. Goudey.

*Michael L. Altman (Jeffrey Wiesner* with him) for the plaintiff.

PORADA, J. The plaintiff's daughter, Dr. Linda R. Goudey, was murdered on October 4, 1993. During the investigation of her murder, the defendant was considered a suspect but was never indicted, and no one has yet been prosecuted for the murder. In September, 1996, the plaintiff initiated this wrongful death action against the defendant. During the pendency of this action, the plaintiff, in 1997 and 2000, sought to depose two State troopers who conducted the investigation of Dr. Goudey's murder and to compel them to produce a number of documents relating to the investigation that the plaintiff claims are necessary to prosecute her action. On both occasions, a Superior Court judge allowed the district attorney's motion to quash the subpoenas and denied the motions to compel production of the documents. In March, 2003, the plaintiff renewed her motions to compel the depositions and the production of documents.[2] A Superior Court judge allowed both motions, and the district attorney filed an appeal to the single justice under G. L. c. 231, § 118. The single justice granted the district attorney leave to file a motion to intervene in the Superior Court, which was allowed, and to take this interlocutory appeal.

On appeal, the district attorney argues that the testimony and materials sought by the plaintiff constitute law enforcement investigative information and therefore are protected from disclosure by (i) the common-law investigatory privilege that insulates communications made to a district attorney in order to

---

[2] The defendant has not lodged any objection to the disclosure of this information.

The documents requested are as follows:

"1. any narrative(s) of or written or recorded statement(s) made by Timothy Stryker; 2. reports of physical or mental examinations of Timothy Stryker including, but not limited to, the results of any polygraph tests; 3. narratives or statements of witnesses; 4. photographs; 5. forensic evidence including, but not limited to, fingerprints, hair samples, blood samples, or DNA samples; 6. reports of any scientific tests or experiments; 7. physical evidence including, but not limited to, any items seized from Linda Goudey's offices or home, Timothy Stryker's offices or home, and Linda Goudey's car; 8. notes, summaries, photographs, and reports of the medical examiner, including all lab reports; and 9. all other documents and physical evidence related to the investigation of Linda Goudey's death not otherwise described above, and excluding materials conveying the mental impressions of a law enforcement officer."

secure the enforcement of law, *Attorney Gen.* v. *Tufts,* 239 Mass. 458, 490-491 (1921); and (ii) the statutory exemption to the public records law for investigatory material provided by G. L. c. 4, § 7, Twenty-sixth (*f*).[3] The district attorney argues that the judge erred in determining that the passage of time, more than ten years in this case, erodes entitlement to these protections.

When the Legislature enacted the public records statute, G. L. c. 66, § 10, it modified the common-law investigatory privilege to the extent that if the information qualifies as a public record, the public is entitled to have access to it unless it falls within one of the exemptions provided by G. L. c. 4, § 7, Twenty-sixth. In this case, the exemption provides for investigatory materials whose release would "probably so prejudice the possibility of effective law enforcement that such disclosure would not be in the public interest." *Bougas* v. *Chief of Police of Lexington,* 371 Mass. 59, 62 (1976), quoting from G. L. c. 4, § 7, Twenty-sixth (*f*). It is well established that whether the information requested is entitled to the exemption provided by G. L. c. 4 § 7, Twenty-sixth (*f*), must be determined on a case-by-case basis, and it is the custodian of those records, in this case the district attorney, who bears the burden of proving with specificity that the protection applies. *District Attorney for the Norfolk Dist.* v. *Flatley,* 419 Mass. 507, 511-512 (1995).

The Supreme Judicial Court has sanctioned three mechanisms for a court's determination of this question, namely (1) an in camera review of the records by the judge, which is recommended as a last resort, see *Reinstein* v. *Police Commr. of Boston,* 378 Mass. 281, 287-288, 295 (1979); (2) review by the judge after the custodian has prepared an itemized and indexed log of the material in which the specific claims of exemption are set forth by the custodian and the opponent has had an opportunity to review the log and exemption claims and weed out uncontroverted materials; and (3) review by the judge after

---

[3]General Laws c. 4, § 7, Twenty-sixth (*f*), as amended by St. 1973, c. 1050, § 1, exempts "investigatory materials necessarily compiled out of the public view by law enforcement or other investigatory officials the disclosure of which materials would probably so prejudice the possibility of effective law enforcement that such disclosure would not be in the public interest."

counsel for the parties have reviewed the documents (subject to an appropriate protective order) and particularized their arguments as to which materials are exempt or subject to disclosure. *Worcester Telegram & Gazette Corp.* v. *Chief of Police of Worcester*, 436 Mass. 378, 384-385 (2002). Here, none of these procedures was followed. Instead, the district attorney made a generalized objection that all of the documents fall within the exemption as investigatory materials. The objection was supported by a memorandum and an affidavit of an assistant district attorney,[4] prepared in 2001, that had been submitted earlier to another Superior Court judge, who had upheld the district attorney's refusal to produce the same materials or to allow depositions of the two State troopers. The plaintiff filed a written opposition to the district attorney's claim of exemption. After hearing, the judge ordered production of the requested materials and the depositions of the two State troopers. Although it would have been preferable for the judge to employ one of the recognized methods of review, we recognize that a judge has some discretion in fashioning a method of review to determine the availability of the exemption. *Ibid.*

In any event, after hearing, the judge implicitly ruled that the district attorney had failed to meet her burden of showing that the production would probably so prejudice the possibility of effective law enforcement that such disclosure would not be in the public interest.[5] The judge made this determination on the ground that the passage of more than ten years without anyone being charged with Dr. Goudey's murder has diminished the likelihood that the disclosure of the requested materials would

---

[4]The affidavit was submitted to the judge and this panel in camera. The plaintiff has not had access to it and has raised no objection to this procedure. Upon our review of the affidavit, we see no reason why the same should be withheld from the plaintiff. Certainly, it is the only form of a log of the data in the district attorney's file and would have sharpened the focus of the determination of the issue before the court.

[5]The judge made no distinction between the request for the State troopers' depositions and the production of documents. It would appear that the depositions were aimed at eliciting the same information contained in the investigatory materials, and thus we treat the request for depositions of the two troopers in the same manner as the request for the investigative materials. Cf. *Continental Assur. Co.* v. *Diorio-Volungis*, 51 Mass. App. Ct. 403, 412-413 (2001) (plaintiff's subpoena for testimony and records of police quashed because of statutory exemption for investigatory materials).

so prejudice the possibility of effective law enforcement that it would be in derogation of the public interest. The judge's determination can only be set aside if his findings are clearly erroneous or his ruling is tainted with an error of law. See *Bougas* v. *Chief of Police of Lexington*, 371 Mass. at 61.

The district attorney argues that the judge erred in considering the passage of time as a factor in determining whether the statutory exemption for investigative materials applies. Assuming without deciding whether all of the information sought constitutes public records and investigative materials, which neither party to this appeal has challenged, we do not agree that the judge committed an error of law in ruling that the district attorney had not met her burden. Although there is no statute of limitations for homicide, which the judge recognized, he apparently concluded that the likelihood of anyone being prosecuted for this crime without new information surfacing was remote, and thus the investigation had reached a dead-end. Consequently, the release of the information would not so prejudice effective law enforcement that it would be in derogation of the public interest.

Although no appellate decision has directly addressed whether the mere passage of time should be considered in determining whether the exemption for investigative materials applies, we have considered whether an investigation is ongoing and active in deciding this issue. See *Continental Assur. Co.* v. *Diorio-Volungis*, 51 Mass. App. Ct. 403, 412 & nn.19-20 (2001) (investigative materials exemption applicable to police file containing materials pertinent to investigation of homicide that occurred five years ago and was still ongoing and active). But see *Globe Newspaper Co.* v. *Police Commr. of Boston*, 419 Mass. 852, 862-863 (1995), quoting from *Bougas* v. *Chief of Police of Lexington*, 371 Mass. at 63 ("Even materials relating to an inactive investigation may require confidentiality in order to convince citizens that they may safely confide in law enforcement officials"). We are also mindful that although we do not recognize an executive privilege for government records, the Federal courts, in deciding whether an executive privilege applies to investigative materials, consider the passage of time and whether the investigation is ongoing. *Swanner* v. *United States*,

406 F.2d 716, 719 (5th Cir. 1969) (plaintiffs were allowed to access investigative records on the grounds that "while pendency of a criminal investigation is a reason for denying discovery of investigative reports, this privilege would not apply indefinitely and it is doubtful that it would apply here so long [three years] after the events in question"); *Frankenhauser* v. *Rizzo*, 59 F.R.D. 339, 345 (E.D. Pa 1973) (plaintiff in a civil rights action was entitled to obtain discovery of investigative materials into her husband's death in light of the fact that "over two years [had] elapsed since the completion of the investigation, and no criminal charges [had] been brought against anyone; it is unrealistic to believe that any will be brought, notwithstanding the fact that there is no statute of limitations on homicide"). Here, the judge was presented with an affidavit of an assistant district attorney outlining the need to keep confidential the materials and information collected in the investigation, but that affidavit, executed in 2001, was more than two years old at the time of the judge's decision. No proof was submitted to the motion judge that the investigation of this crime, committed more than ten years ago, was still ongoing or active, or how the disclosure would foreclose any future criminal prosecution. Further, some of the information sought is no longer confidential; the defendant is aware of the items seized from his home and office, the questions posed and answers given during his polygraph examination, the statements he gave to the police and, undoubtedly, the focus of the investigation based on the questions posed to him during his interrogation, all of which were accessible to the plaintiff by means of the defendant's deposition. Additionally, the district attorney, in the memorandum submitted to the motion judge in 2003, intimated that the information sought by the plaintiff is accessible from other sources, which casts doubt about the alleged need for the confidentiality.

That said, we are nevertheless troubled by the release of certain information, namely citizen witness statements and the results of any deoxyribonucleic acid (DNA) or other tests performed on individuals other than the defendant. The former concerns us because one of the underpinnings of the exemption is the encouragement of individual citizens to come forward

and speak freely with police concerning matters under investigation. *Globe Newspaper Co.* v. *Police Commr. of Boston,* 419 Mass. at 859. Presumably, the witnesses in this case may well be friends, acquaintances, or coworkers of Dr. Goudey and the defendant, who wish their information to remain confidential. However, because they are the likely source of much of the information collected in this investigation, their identities may well be known to the parties. Their information may well have been made available or is available through the mechanism of depositions in this civil action, and the district attorney hints at this, as noted, by suggesting that much of the information sought may well be available from sources other than the district attorney's case file. Their desire for secrecy also may well have waned in favor of bringing some closure to this ten year old unsolved homicide. Further, in giving a statement to the police, the witnesses were well aware that in the event of a criminal prosecution this information could be revealed. We see no reason why that expectation should be lessened by virtue of the fact that the proceeding is a civil action arising out of and relating to the crime. We thus uphold the disclosure of the witnesses' statements.

Although not raised by the parties in this appeal, we conclude, however, that it was error for the judge to order disclosure of the identity of or test results performed on any individual other than the defendant for fingerprints, blood samples, DNA, or hair samples, or any other tests. This information may well be exempt under the privacy exemption set forth in G. L. c. 4, § 7, Twenty-sixth (*c*). The plaintiff and defendant were not privy to the 2001 affidavit of the assistant district attorney, see note 4, *supra*, and thus are unaware of the possibility that those tests had been performed on anyone other than the defendant. In the event that any such testing has been performed, this issue may be aired anew at the trial level if the parties so desire.

The district attorney also argues on appeal that the judge's orders violate the separation of powers between the executive and judicial branches of government. Although the district attorney asserts that this argument was implicit in her submissions to the motion judge, it appears from our examination of the record that this argument was made for the first time on appeal and, as such, we need not address it. *Lumberman's Mut.*

*Cas. Co.* v. *Hanover Ins. Co.*, 38 Mass. App. Ct. 53, 60 (1995). In any event, we fail to see how the exercise of a judge's authority to order discovery under Mass.R.Civ.P. 26, as amended, 423 Mass. 1401 (1996), constitutes an exercise of a power reserved to the executive branch.

In sum, that portion of the Superior Court judge's order dated March 29, 2003, compelling the disclosure of the identity of or results of tests performed on any individual other than the defendant is vacated, and the matter is remanded to the Superior Court for such further hearing on this issue as may be necessary. Counsel for the parties shall not disclose the contents of the documents received from the district attorney's office to anyone but their clients except with the consent of that office or by leave of a justice of the Superior Court, and the parties are not to use the information and materials provided for any purpose other than this action. As modified herein above, the order is affirmed.

*So ordered.*