NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1331

COMMONWEALTH

vs.

JORGE L. SANTANA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from the denial, without an evidentiary hearing, of his motion to withdraw his guilty plea and for a new trial. He contends that (1) the judge erred by denying the motion because the defendant established both that plea counsel failed to advise him correctly of the immigration consequences of his plea and that he was prejudiced by that failure, and (2) the judge abused his discretion by acting on the motion without conducting an evidentiary hearing. We affirm.

Background. On the afternoon of June 5, 2017, Danvers police detectives followed a Buick driven by a man whom they knew to be a habitual drug user into a Market Basket parking

lot.  Minutes later, the defendant pulled up to the Buick in his Honda CRV.  Detectives saw "[a]n item . . . tossed from the Honda to the Buick and from the Buick to the Honda."  The defendant was stopped, searched, and found to be in possession of a twist of heroin and $790 cash, including three "tightly folded hundred dollar bills."  He was arrested and charged with possession with intent to distribute heroin.

In November 2018, after his motion to suppress was denied and his case was scheduled for trial, the defendant pleaded guilty.  Based on an agreed recommendation, he was sentenced to six months in the house of correction, suspended with probation for one year.  In February 2021, while returning to the United States from the Dominican Republic, the defendant was stopped by immigration officials and told that he faced deportation.  In April 2022, the defendant filed a motion to withdraw his guilty plea and for a new trial, accompanied by his own affidavit and an affidavit from plea counsel.  After a nonevidentiary hearing, the motion judge, who was also the plea judge, denied the motion and the defendant subsequently appealed.

Discussion.  "A motion to withdraw a guilty plea is treated as a motion for a new trial under Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001)."  Commonwealth v. Furr, 454 Mass. 101, 106 (2009).  Such a motion "is addressed to the sound

2

discretion of the [plea] judge, and . . . will not be reversed unless it is manifestly unjust, or unless the [plea hearing] was infected with prejudicial constitutional error."  Commonwealth v. Colon, 439 Mass. 519, 524 (2003), quoting Commonwealth v. Russin, 420 Mass. 309, 318 (1995).  See Commonwealth v. Sylvester, 476 Mass. 1, 5 (2016) ("We review the denial of a motion to withdraw a guilty plea to determine whether there has been a significant error of law or other abuse of discretion" [quotation and citation omitted]).

1. Ineffective assistance.  To prevail on his claim of ineffectiveness of counsel, the defendant must show: (1) that counsel's conduct fell "measurably below that which might be expected from an ordinary fallible lawyer"; and (2) that this conduct "likely deprived the defendant of an otherwise available, substantial ground of defence."  Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).  "Thus, a defendant must prove both deficient performance and prejudice" (emphasis added).  Commonwealth v. Chleikh, 82 Mass. App. Ct. 718, 722 (2012).  "We afford particular deference to a decision on a motion for a new trial based on claims of ineffective assistance where the motion judge was, as here, the trial judge."  Commonwealth v. Martin, 467 Mass. 291, 316 (2014).

3

The defendant contends that his plea counsel was ineffective because he failed to inform the defendant that his plea would result in automatic deportation, loss of his permanent resident status, and ineligibility for any relief in Immigration Court. See Padilla v. Kentucky, 559 U.S. 356 (2010); Commonwealth v. Clarke, 460 Mass. 30 (2011). He averred as much in an affidavit filed with his new trial motion. However, the plea judge did not credit the defendant's affidavit, because it was self-serving and came years after the plea.[1] See Commonwealth v. Torres, 469 Mass. 398, 406 (2014) (defendant's affidavit did not raise substantial issue where record refuted his only theory of ineffectiveness). Nor did the judge credit plea counsel's affidavit supporting the defendant's contention that the attorney's advice lacked the required specificity regarding the immigration consequences of the plea. On the contrary, based on his review of the courtroom recording of the plea colloquy,[2] which "refresh[ed] [his] independent recollection

---

[1] We do not think it significant in the overall context of the judge's decision that the judge indicated the affidavit came four years after the plea when, in fact, it was signed just over two and one-half years after the defendant pleaded guilty but not filed until more than eight months thereafter.

[2] During the plea colloquy, the judge and counsel had the following exchange:
Judge: "Have you explained to your client the elements of the charges against him and the potential penalties?

4

of this particular plea," and his handwritten notes on the defendant's tender of plea form,[3] the judge found that "[t]he problem with plea counsel's affidavit is that it is contradicted by what happened at the time of the plea."  We accord the judge's credibility determination particular deference given that he had conducted the plea colloquy.  See Commonwealth v. Scott, 467 Mass. 336, 344 (2014).  During the hearing on the defendant's motion, the judge also noted,

> "I don't ask [whether counsel has discussed immigration consequences with the defendant] that often, and I asked the question in this case and I ask the question in the cases where it appears to me to be during the course of the plea colloquy and the recitation of the facts that there may very well be an immigration issue, and that's why I examined counsel on that and I got that representation in open court."

We thus discern no error in the judge's determination that plea counsel's advice was not ineffective.

Even if we were to conclude that it was deficient, the defendant has not demonstrated that he was prejudiced by plea

---

Plea counsel: "Yes, I have, Your Honor."

Judge: "And if there are any immigration consequences have you discussed those pursuant to Commonwealth v. Clarke?"

Plea counsel: 'Yes, I have, Your Honor."

[3] The judge wrote, "Alien rights given.  Counsel has advised immigration consequences."

5

counsel's advice.[4]  "In the context of a guilty plea, in order to satisfy the prejudice requirement, the defendant has the burden of establishing that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" (quotation and citation omitted).  Commonwealth v. Cano, 87 Mass. App. Ct. 238, 246-247 (2015).  Moreover, the defendant must demonstrate that the decision to insist on going to trial "would have been rational . . . by showing that (1) he had an available, substantial ground of defence . . .; (2) there is a reasonable probability that a different plea bargain . . . could have been negotiated at the time; or (3) the presence of special circumstances that support the conclusion that [the defendant] placed, or would have placed, particular emphasis on immigration consequences when deciding to plead guilty" (quotations and citation omitted).  See id. at 247.

Here, the defendant does not press the argument that he had an available, substantial ground of defense.  Indeed, the Commonwealth's case against the defendant was strong as police

_____

[4] Because he determined that plea counsel was not ineffective, the motion judge did not reach prejudice.

6

witnessed what amounted to a hand-to-hand transaction and then found heroin and a large amount of cash on the defendant.[5]

However, the defendant asserts that plea counsel nevertheless could have negotiated a plea to possession with intent to distribute a Class A "unspecified" substance rather than heroin, which would have "spared" him immigration consequences.  This argument fails for several reasons.  First, the defendant did not demonstrate that the Commonwealth would have entertained such a resolution.  See Commonwealth v. Coyne, 372 Mass. 599, 601 (1977) ("decision to negotiate with a defendant about the terms of a guilty plea rests solely in the prosecutor's discretion").  Appellate counsel also acknowledged during the motion hearing and at oral argument in this court that such a resolution is "rare," and was unable to cite a single instance of such a disposition in Essex County, where the plea occurred.  Finally, the defendant provided no legal or even anecdotal support for his claim that securing such a plea would, in fact, protect him from any immigration consequences.  We therefore conclude that the defendant has failed to show a "reasonable probability that a different plea bargain (absent [immigration] consequences) could have been negotiated at the time[.]" Clarke, 460 Mass. at 47.

---

[5] Defendant's counsel properly acknowledged the strength of the Commonwealth's case during the motion hearing.

The defendant fares no better in his argument that he demonstrated special circumstances. According to his affidavit, at the time of the plea, the defendant was thirty one years old and had emigrated from the Dominican Republic to the United States three years earlier. His wife and two young children already lived in the United States, but it is unclear for how long. He was working full-time in asbestos removal for a Cambridge-based company and his family relied on his income. Although the defendant thus was able to show that he had strong reasons to want to remain in the United States, the fact that special circumstances may exist "does not require the conclusion that there is a reasonable probability that the special circumstances would have caused the defendant to choose to go to trial." Commonwealth v. Lavrinenko, 473 Mass. 42, 59 (2015).

Here, there was evidence to the contrary. The defendant's affidavit states that he was "especially worried about [his] family, because [he] was [their] primary source of financial support" and that his attorney advised him that "the deal they were offering [him] would allow [him] to keep working to support [his] family." In fact, despite facing up to two and one-half years in the house of correction, see G. L. c. 94C, § 32A, the defendant received a sentence of only six months suspended with one year of probation, and the sole condition was that he

maintain employment.  Thus, the negotiated plea allowed the defendant to continue to work and support his family, which he had identified as his main concern at the time of the plea.  As previously discussed, the case against the defendant was strong.  Moreover, his motion to suppress evidence already had been denied.  Under these circumstances, we conclude that the defendant has failed to demonstrate that it would have been rational due to special circumstances for him to have rejected the plea and instead gone to trial.

2.  Denial of evidentiary hearing.  The defendant further contends that the motion judge erred by denying the motion for a new trial without conducting an evidentiary hearing.  We disagree.

"The decision to hold an evidentiary hearing on a motion for a new trial is 'left largely to the sound discretion of the judge.'"  Commonwealth v. Vaughn, 471 Mass. 398, 404 (2015), quoting Commonwealth v. Stewart, 383 Mass. 253, 257 (1981).  "The judge may rule on the issue or issues presented by such motion on the basis of the facts alleged in the affidavits without further hearing if no substantial issue is raised by the motion or affidavits."  Mass. R. Crim. P. 30 (c) (3), as appearing in 435 Mass. 1501 (2001).  "In determining whether a motion for a new trial warrants an evidentiary hearing, both the

seriousness of the issue itself and the adequacy of the defendant's showing on that issue must be considered." Commonwealth v. Denis, 442 Mass. 617, 628 (2004).

A motion for new trial alleging ineffective assistance of counsel "raises 'an issue of constitutional importance' that readily qualifies as a serious issue" depending on the adequacy of the showing with respect to that issue. Denis, 442 Mass. at 629, quoting Commonwealth v. Licata, 412 Mass. 654, 661 (1992). Accordingly, "[a]lthough the motions and supporting materials filed by a defendant need not prove the issue raised therein, they must at least contain sufficient credible information to cast doubt on the issue." Denis, supra.

Here, the motion judge found that the defendant did not make an adequate showing to warrant an evidentiary hearing because he did not credit the affidavits of the defendant and plea counsel. See Commonwealth v. Lys, 481 Mass. 1, 5 (2018) (in determining whether motion and affidavits raise a "substantial issue," "motion judge need not accept statements in the defendant's affidavits as true, even if the statements are undisputed"). The judge was entitled to make such a credibility determination. Id. Moreover, plea counsel's affidavit indicated what he "would have explained" to the defendant regarding immigration consequences, suggesting that he did not

10

have a specific memory of the advice he provided.  Thus, the judge did not abuse his discretion by denying the defendant's motion for new trial without an evidentiary hearing.

<u>Order denying motion to withdraw plea and for new trial affirmed</u>.

By the Court (Meade, Blake & Brennan, JJ.[6]),

*Paul Little*

Clerk

Entered:  August 13, 2024.

---

[6] The panelists are listed in order of seniority.