IN THE MATTER OF A SUBPOENA DUCES TECUM.

Suffolk. November 7, 2005. - January 5, 2006.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, & CORDY, JJ.

*Supreme Judicial Court,* Superintendence of inferior courts. *Public Records. Privacy. Statute,* Construction.

A Superior Court judge properly denied a district attorney's motion to quash a subpoena requesting copies of videotaped interviews with two minors conducted during the course of a concluded criminal investigation concerning the minors' allegations of sexual abuse by fellow students at an elementary school, where the district attorney could not show with specificity that the videotapes were protected from public disclosure under either the privacy exemption of G. L. c. 4, § 7, Twenty-sixth (*c*), or the investigatory materials exemption of G. L. c. 4, § 7, Twenty-sixth (*f*), given that the privacy interests at stake substantially belonged to the minors, who were the parties seeking disclosure of the videotapes for use at the trial of their civil complaint against the school, and given that the disclosure of the videotapes would not reveal any highly confidential investigatory techniques or otherwise prejudice the possibility of effective law enforcement [687-691]; moreover, the district attorney could not demonstrate that the videotapes were not subject to discovery on the ground that they lacked relevance or probative value in the minors' civil action [691].

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on February 6, 2004.

The case was reported by *Cowin,* J.

*Judith Ellen Pietras,* Assistant District Attorney, for the Commonwealth.

*Joan A. Antonino,* for John Doe & others, submitted a brief.

IRELAND, J. The district attorney for the northwestern district (district attorney) filed, pursuant to G. L. c. 211, § 3, a petition for relief with a single justice of this court from the decision of a Superior Court judge denying the district attorney's motion to quash the subpoena of John and Tom Doe (plaintiffs), requesting copies of their videotaped interviews conducted during the course of a now concluded criminal investigation concerning

their allegations of sexual abuse by fellow students at the elementary school. A single justice of this court reserved and reported the issue whether, "[a]ssuming that the District Attorney may seek relief pursuant to G. L. c. 211, § 3, in this proceeding, . . . the statutory exemptions of G. L. c. 4, § 7, Twenty-sixth (c) or (f), in the circumstances of this case, prohibit the disclosure of the videotapes of interviews of the minor plaintiffs to their attorney."[1] Because we find that the district attorney has failed to demonstrate with specificity that the exemptions in G. L. c. 4, § 7, Twenty-sixth (c) or (f), apply, we affirm the denial of the motion to quash.

*Facts and procedural background.* The plaintiffs attended elementary school in Rowe from September, 1996 (kindergarten), through October, 2000 (fourth grade). In October, 2000, they made statements to their parents alleging that they were repeatedly physically and sexually assaulted by three older boys attending the school. A criminal investigation was opened, and on November 1, 2000, the plaintiffs were interviewed by a sexual abuse intervention network (SAIN) team regarding their allegations. In this case, the interviews were conducted by a forensic nurse.[2]

The criminal investigation concluded without prosecution, and in October, 2003, the plaintiffs, by their parents, filed a civil suit against the Rowe Elementary School, the school com-

---

[1]General Laws c. 4, § 7, Twenty-sixth, provides that public records "shall mean all books, papers, maps, photographs, recorded tapes, financial statements, statistical tabulations, or other documentary materials or data, regardless of physical form or characteristics, made or received by any officer or employee of any agency, executive office, department, board, commission, bureau, division or authority of the commonwealth, or of any political subdivision thereof, or of any authority established by the general court to serve a public purpose, unless such materials or data fall within the following exemptions in that they are: . . . (c) personnel and medical files or information; also any other materials or data relating to a specifically named individual, the disclosure of which may constitute an unwarranted invasion of personal privacy . . . (f) investigatory materials necessarily compiled out of the public view by law enforcement or other investigatory officials the disclosure of which materials would probably so prejudice the possibility of effective law enforcement that such disclosure would not be in the public interest . . . ."

[2]While the SAIN interview is conducted, other members of the SAIN team (i.e., police officers and Department of Social Services employees) observe through a one-way mirror. See *Commonwealth* v. *Howell*, 57 Mass. App. Ct. 716, 718 n.2 (2003).

mittee of Rowe, the Mohawk Trails regional school district school committee, and the town of Rowe,[3] alleging that the school negligently failed to respond to the plaintiffs' complaints regarding the alleged perpetrators of the physical and sexual assaults. As a part of discovery in the now pending civil litigation, the plaintiffs served on the district attorney a subpoena duces tecum, requesting copies of the videotaped interviews from the criminal investigation, public records subject to disclosure under G. L. c. 66, § 10 (a).[4] The district attorney moved both to intervene and to quash the subpoena. A motion judge denied both motions from the bench and issued a memorandum of decision explaining his reasons for denying the motion to quash. The district attorney filed this petition for relief with the single justice.

We may reverse the motion judge only if his findings are clearly erroneous or tainted with some error of law. See *Bougas* v. *Chief of Police of Lexington*, 371 Mass. 59, 61 (1976). We address each argument raised by the district attorney.[5]

1. *Applicability of G. L. c. 4, § 7, Twenty-sixth (c) and (f).* "Generally, the public records statute favors disclosure by creating a 'presumption that the record sought is public.' G. L. c. 66,

---

[3]The school committee of Rowe and the Rowe Elementary School have been dismissed as defendants in the underlying civil action. A stipulation of dismissal also has been entered as to the Mohawk Trails regional school district. The town of Rowe is the remaining defendant in the civil action. A joint motion to stay the proceedings pending the resolution of this appeal has been entered.

[4]General Laws c. 66, § 10 (a), provides, in pertinent part: "Every person having custody of any public record, as defined in [G. L. c. 4, § 7, Twenty-sixth], shall, at reasonable times and without unreasonable delay, permit it, or any segregable portion of a record which is an independent public record, to be inspected and examined by any person, under his supervision, and shall furnish one copy thereof upon payment of a reasonable fee."

[5]The judge twice denied the district attorney's motions to intervene. The plaintiffs argued before the single justice that the district attorney could not petition for review of the order compelling disclosure of the videotapes because it is interlocutory and not appealable. See *Cronin* v. *Strayer*, 392 Mass. 525, 528-529 (1984). The single justice assumed, without deciding, that the district attorney was properly before the court. We find that given "the district attorney's position as both an elected official and the chief law enforcement officer of the Commonwealth in the [northwestern] district," it is proper for the district attorney to seek relief pursuant to G. L. c. 211, § 3. *District Attorney for the Norfolk Dist.* v. *Flatley*, 419 Mass. 507, 509 n.3 (1995).

§ 10 (c). However, G. L. c. 4, § 7, Twenty-sixth, details specific exemptions to the public records statute, but in order for a record to qualify as exempt, the custodian of the record has the burden 'to prove with specificity' that an exemption applies. G. L. c. 66, § 10 (c). See *Attorney Gen.* v. *School Comm. of Northampton*, 375 Mass. 127, 131 (1978); *Bougas* v. *Chief of Police of Lexington*, 371 Mass. 59, 61-62 (1976)." *District Attorney for the Norfolk Dist.* v. *Flatley*, 419 Mass. 507, 511 (1995). We have stated that a case-by-case review is required to determine whether an exemption applies. See *id.* at 512, citing *Reinstein* v. *Police Comm'r of Boston*, 378 Mass. 281, 289-290 (1979). In this case, the district attorney claims that both the privacy and investigation exemptions apply.

a. *Privacy exemption.*[6] The district attorney argues that the privacy interests of the perpetrators named in the videotapes are protected by G. L. c. 4, § 7, Twenty-sixth (c). We disagree.

> "Application of the privacy exemption . . . requires a balancing between any claimed invasion of privacy and the interest of the public in disclosure. . . . 'Where the public interest in obtaining information substantially outweighs the seriousness of any invasion of privacy, the private interest in preventing disclosure must yield to the public interest.' *Attorney Gen.* v. *Collector of Lynn*, [377 Mass. 151, 156 (1979)]. In identifying the existence of privacy interests, we have suggested for consideration: whether disclosure would 'result in personal embarrassment to an individual of normal sensibilities,' *id.* at 157; whether the materials sought contain ' "intimate details" of a "highly personal" nature,' *Hastings & Sons Publishing Co.* v. *City Treasurer of Lynn*, [374 Mass. 812, 818 (1978)], quoting *Getman* v. *NLRB*, 450 F.2d 670, 675 (D.C. Cir. 1971); and whether 'the same information is available from other sources,' *Attorney Gen.* v. *Collector of Lynn*, *supra* at 157."

---

[6]We decline specifically to address the district attorney's broad and unsupported assertion that the privacy protection contained in G. L. c. 214, § 1B (providing that persons shall have right against unreasonable, substantial, or serious interference with privacy), also applies. We note, however, that this argument fails on the record before us because the district attorney has not illustrated how the disclosure to the plaintiffs' attorneys of the plaintiffs' videotaped interviews interferes with the alleged perpetrators' privacy.

*Globe Newspaper Co.* v. *Police Comm'r of Boston*, 419 Mass. 852, 858 (1995).

Here, the privacy interests at stake substantially belong to the parties seeking disclosure. Further, the plaintiffs seek the videotapes to show their respective ages and physical sizes shortly after the alleged attacks, and their disabilities and social immaturity as depicted in the videotapes. This information is otherwise unavailable to them, and the district attorney has failed to demonstrate how the privacy interests of the alleged perpetrators, whose identities are already known to the plaintiffs (and presumably, by way of ordinary discovery, to the defendant), outweigh the public's interest in disclosing the videotaped interviews of the plaintiffs to their attorneys, where the plaintiffs have waived their own privacy interests and request the videotapes for use in a civil case alleging the negligent inattention to the alleged physical and sexual abuse discussed in the videotapes. If the plaintiffs wish to disclose these "intimate details" that, given their young ages currently and at the time of the alleged acts, are "highly personal" in nature and may result in their embarrassment, we see no compelling countervailing privacy interest to prevent them from so doing.

We recognize that the privacy exemption "protects from public scrutiny information that would lead to an unwarranted invasion of privacy of any person mentioned in the requested materials." *Globe Newspaper Co.* v. *Police Comm'r of Boston*, *supra* at 861. However, our decision today does not affect any privacy interests that may subsequently arise in the pending civil litigation. The docket indicates that the parties in the civil action requested, and were granted, a protective order. We leave to the trial judge's discretion further determinations regarding the circumstances in which the identities of the alleged perpetrators or their alleged offenses merit disclosure or require redaction.

b. *Investigatory materials exemption.* The district attorney also argues that disclosing the videotapes would reveal highly confidential investigatory techniques, which is prohibited under G. L. c. 4, § 7, Twenty-sixth (*f*). We disagree. The "inquiry is whether the materials requested are 'investigatory materials

necessarily compiled out of the public view,' and if so, whether the agency resisting disclosure has demonstrated that their release 'would probably so prejudice the possibility of effective law enforcement that such disclosure would not be in the public interest.' " *Globe Newspaper Co.* v. *Police Comm'r of Boston,* *supra* at 858. The district attorney has failed to do so.

The plaintiffs merely seek a copy of their videotaped interviews, given during the course of an investigation that is now concluded. Cf. *Bougas* v. *Chief of Police of Lexington, supra* at 62 (exemption applied where "documents provide[d] complete accounts of police investigatory efforts including the police officer's own observations of the incident in question, statements taken from witnesses, additional information obtained from other sources, some confidential, and leads and tips to be pursued"). The assistant district attorney, arguing below, could provide no insight as to the confidential nature of the contents of the videotapes; indeed, it appeared that she had not viewed them.[7] Further, we find no evidence in the record that the interview techniques employed by the SAIN team in the videotape are so confidential that disclosure of the videotaped interviews would "prejudice the possibility of effective law enforcement." G. L. c. 4, § 7, Twenty-sixth (*f*).

Moreover, the judge found that individuals other than law enforcement officials either were present during the interviews or subsequently viewed the videotapes.[8] Although this fact is not dispositive, it is relevant to our analysis. See *Globe Newspaper Co.* v. *Police Comm'r of Boston, supra* at 863. Preventing disclosure of the videotapes would not prevent disclosure of information that is, apparently, already known. Also, in these circumstances, where the plaintiffs are themselves the parties who made the statements contained in videotapes,

---

[7]The judge did not review the videotaped interviews, nor was it required. In this case, the plaintiffs' knowledge of the contents of the videotapes eliminated any possibility that they would be disadvantaged by the judge's failure to conduct an in camera review. See *Reinstein* v. *Police Comm'r of Boston,* 378 Mass. 281, 294-295 (1979) (in camera review of public record a "last resort" where party seeking disclosure lacks knowledge of record's contents).

[8]The parties dispute whether therapists who viewed the videotapes were a part of the investigation team or private, treating therapists of the plaintiffs. However, the judge found that at least one parent and a social worker viewed the interviews; they were not involved in the police investigation.

there is no risk that the disclosure will chill future communications between law enforcement and citizens. Disclosure is not barred by the investigatory exemption.[9]

2. *Discovery issues.* The district attorney argues that even if the videotapes do not fall within the statutory exemptions discussed *supra*, they are not subject to discovery because they would not be relevant at trial. The district attorney cannot argue, at this stage in the proceedings, that the plaintiffs' statements are inadmissible at the civil trial. Discovery, by its nature, is quite broad. See Mass. R. Civ. P. 26 (b) (1), 365 Mass. 772 (1974). The public records law does not restrict this breadth. See *Boston Police Superior Officers Fed'n* v. *Boston*, 414 Mass. 458, 465-466 (1993). It is not our role to envision the numerous ways the videotaped interviews might be used at trial. The question as to the relevance or probative value of the videotapes and the statements contained therein is one properly for the trial judge. See *Commonwealth* v. *Marangiello*, 410 Mass. 452, 456 (1991).

*Conclusion.* The decision denying the district attorney's motion to quash is affirmed.

*So ordered.*

---

[9]Because we find that the district attorney has failed to describe with specificity how the investigatory exemption applies to these facts, we need not reach the issue whether the exemption was waived by the disclosure of the contents of the videotapes to individuals other than law enforcement officials.