Curran, Dennis J., J.
Before this Court is a contested subpoena duces tecum served on the Massachusetts Board of Registration in Medicine by the plaintiff Mrs. Patricia Nichols. The subpoena seeks to compel the production of documents held by the Board in connection with an investigation of the defendant Dr. Emily Strehle, after Mrs. Nichols filed a complaint with that Board.
Dr. Strehle moves this Court to quash the subpoena, claiming that the documents are privileged from disclosure under G.L.c. 112, §5, G.L.c. Ill, §204, and G.L.c. 4, §7. Mrs. Nichols obviously opposes the motion, arguing that these protections do not extend to those documents, and that the Board must therefore produce the documents in response to the subpoena, under G.L.c. 112, §5.
For the following reasons Dr. Strehle’s motion to quash the subpoena is ALLOWED in part, and DENIED in part.
FACTUAL BACKGROUND
Emily Strehle, D.O. is the obstetrician/gynecologist whom Mrs. Patricia Nichols saw for a routine gynecological exam on August 15, 2012. See Board of Registration in Medicine Complaint Form; Plaintiffs Opposition at 2. During her exam, Dr. Strehle told Mrs. Nichols that she may have a cervical polyp, but Mrs. Nichols declined to have it removed at that time. See Board of Registration Complaint at 2. When Mrs. Nichols returned to Dr. Strehle on September 11, 2012, she agreed to have the polyp removed, although she did not sign a consent form. See id. Dr. Strehle removed the growth, which she determined was a fibroid, not a polyp, as she originally had thought. See id. When Mrs. Nichols returned home, she experienced excessive bleeding and significant pain. See id. Mrs. Nichols called Dr. Strehle and returned to Dr. Strehle’s office that afternoon. See id. There, Dr. Strehle performed a painful electrosurgical cauterization procedure in an attempt to stop the bleeding. See id. at 3. When that procedure proved unsuccessful, Dr. Strehle transferred Mrs. Nichols to the operating room, where she performed a total abdominal hysterectomy, and a general surgeon performed an additional procedure. See id. at 3. Since the surgery, Mrs. Nichols has experienced extreme pain and serious side effects. See id. at 3-4.
Mrs. Nichols filed a complaint with the Board of Registration in Medicine, alleging that Dr. Strehle was negligent in her treatment and also committed several ethical violations. See Board of Registration Complaint at 1. As a result, the Board initiated an investigation; that investigation continues to this day. See Defendant’s Motion at 3.
Mrs. Nichols served a subpoena duces tecum on the Board on September 11, 2014 (see Subpoena at 2), seeking “(a]ll records” relating to Mrs. Nichols’s complaint against Dr. Strehle. See Subpoena, Schedule A. The subpoena further instructs that the documents produced should include “all documents prepared or compiled by the Board of Registration in Medicine and all documents submitted to the Board of Registration in Medicine by any person or entity following the submission of Ms. Nichols’ complaint.” See id.
Dr. Strehle moves to quash this subpoena, claiming that the documents are privileged from disclosure under G.L.c. 112, §5, G.L.c. Ill, §204, and G.L.c. 4, §7. Mrs. Nichols opposes the motion, arguing that these protections do not extend to the sought-after documents, and that the Board must therefore produce the documents under G.L.c. 112, §5.
DISCUSSION
Chapter 112, section 5 of the Massachusetts General Laws calls for the confidentiality of documents and records held by the board of professional review in connection with an investigation. However, the statute delineates two exceptions under which disclosure of the documents would be permissible. The permissibility of the disclosure of the board’s documents turns on the application of the second exception and related state privacy laws.
I. Mrs. Nichols Is Entitled to Documents Related to the Board’s Investigation of Dr. Strehle by Compelling Their Production by Subpoena.
First, disclosure of the documents is appropriate after the Board’s disposal of the matter. Because the *364 Board’s investigation of Ms. Nichols’ complaint is ongoing, this exception does not apply to the present case.
However, the Board may disclose otherwise confidential documents in response to “requests from the person under investigation, the complainant, or other state or federal agencies, boards or institutions as the board shall determine by regulations.” G.L.c. 112, §5. Mrs. Nichols is correct in her argument that she is entitled to access the investigation-related documents because of her status as the complainant who initiated the investigation.
In Cronin v. Strayer, 392 Mass. 525, 526-27 (1984), a case that addressed an issue similar to the one presently before the court, the Supreme Judicial Court agreed with the Superior Court’s denial of the Massachusetts Medical Society’s motion to quash a subpoena duces tecum requesting the production of documents. In that case, a physician, who was the subject of a committee review, served the Massachusetts Medical Society and the reviewing committee with a subpoena duces tecum to produce documents related to the committee’s investigation. The Medical Society and the committee both moved to quash the subpoena, claiming that the documents were privileged. The Supreme Judicial Court noted that although the documents related to the investigation were statutorily privileged, the privilege did not extend to documents requested by the subject of the investigation. See G.L.c. 112, §5; Cronin, 392 Mass. at 533.
The present case is substantially similar. Like the exception to confidentiality provided for the subject of the investigation in Cronin, Mrs. Nichols is similarly entitled to disclosure of the documents because she is the board investigation’s complainant — an individual to whom the privilege of confidentiality does not apply — and thus, is entitled to any documents related to the investigation.
Moreover, the Massachusetts law permits document disclosure, at any point during the Board’s investigation, when compelled by a subpoena duces tecum. G.L.C. 112, §5. The request made here by Mrs. Nichols fits squarely within the terms of this permitted disclosure. As the investigation complainant, Mrs. Nichols seeks to compel production of investigation-related documents by a subpoena duces tecum As permitted by the statute, Mrs. Nichols may do so, and need not wait for the conclusion of the investigation, as Dr. Strehle argues.
II. Certain Categories of Documents Are Privileged from Disclosure in the Board’s Response to the Subpoena
Having concluded that Mrs. Nichols may compel the production of investigation-related documents, it remains to be determined whether documents privileged by other state or federal laws would prohibit their disclosure. The exceptions to confidentiality provided in G.L.c. 112, section 5 are subject to any restrictions found in other laws or the Board’s regulations. Consequently, privilege afforded by other laws would trump the availability of the exceptions and prohibit the documents’ disclosure.
As Mrs. Nichols presents, G.L.c. Ill, section 204 protects from compulsion by subpoena or discovery the reports and records of medical peer review committees. G.L.c. Ill, §204(a). However, not all documents used by the review committee are privileged against compelled production. G.L.c. Ill, §204(b). Rather, “[djocuments, incident reports or records otherwise available from original sources shall not be immune from subpoena, discovery or use in any such judicial or administrative proceeding merely because they were presented to such committee in connection with its proceedings.” G.L.c. Ill, §204(b).
Mrs. Nichols fairly points out that the Supreme Judicial Court of Massachusetts has limited the scope of the privilege. In Beth Israel Hospital Association v. Board of Registration in Medicine, 401 Mass. 172, 183 (1987), the Supreme Judicial Court found that G.L.c. 111, section 204 “promotes uninhibited expression of professional opinions . . . and protects the [committee’s] work product.” The court instructed the hospital, upon which the subpoena was served, to produce for the review committee all reports, records, and other documents that were subject to the committee’s investigation. See id.
The circumstances in the present case are distinguishable, in that the disputed issue concerns the production of documents produced by the review board itself. The notes, findings, and internal reports that may have been created by the review board in the process of its investigation would fall within the categoiy of work product that G.L.c. Ill, section 204 seeks to shield from disclosure. Therefore, while any reports, records, or other documents that the Board received from other sources in connection to the investigation would not be privileged under this section, any reports or documents created by the Board as a part of its investigation would be immune from subpoena under G.L.c. Ill, section 204, and, consequently, protected from production.
Finally, Dr. Strehle argues that Board regulations require that personal information related to Dr. Strehle must remain confidential under 243 CMR 2.01(7). The Board regulation at 243 Code of Massachusetts Regulation 2.01(7) calls for the confidentiality of personal information “in accordance with applicable state and federal laws.” Thus, the regulation alone does not provide much guidance as to the privilege to be applied to personal information. As Dr. Strehle notes, chapter 4, section 7 of the Massachusetts General Laws exempts from public disclosure all “personnel and medical files” and any documents “relating to a specifically named individual, the disclosure of which may constitute and unwarranted invasion of personal property.” G.L.c. 4, §7(c). While Mrs. *365 Nichols suggests that this exemption does not apply because she requested the documents by a subpoena duces tecum, and not by a general request as a member of the public, courts have routinely analyzed the validity of a subpoena in light of the public records law and the personnel information exemption. See, e.g., Pintado v. Nat’l Carpentry Contractors, Inc., 26 Mass. L. Rptr. 255, *1 (2009); In re Subpoena Duces Tecum, 445 Mass. 685, 688-89 (2006). Thus, the method of request is irrelevant in determining whether a request for documents is privileged from disclosure. Therefore, the confidentiality of any personnel information — including disciplinary reports and work evaluations pertaining specifically to Dr. Strehle and made by her employer — may be kept maintained under G.L.c. 4, section 7. See Wakefield Teachers Ass’n v. Sch. Comm of Wakefield, 431 Mass. 792, 797-98 (2000).
ORDER
For these reasons, the defendant Dr. Strehle’s motion to quash the subpoena is ALLOWED in part and DENIED in part.
The Board must respond to the subpoena to the extent that it shall disclose any documents or information that it has received relating to its investigation of Dr. Strehle that are not protected from disclosure by the privileges discussed above. The Board need not produce any documents or information that constitute the Board’s own work product or any personnel documents received by the Board from Dr. Strehle’s employer.