BRADLEY vs. RECORDS ACCESS OFFICER, DEPARTMENT OF STATE POLICE, 100 Mass. App. Ct. 46

 
 ADAM JAMES BRADLEY vs. RECORDS ACCESS OFFICER, DEPARTMENT OF STATE POLICE.

100 Mass. App. Ct. 46
 May 20, 2021 - July 19, 2021

Court Below: Superior Court, Suffolk County
Present: Massing, Henry, & Ditkoff, JJ.

 

Public Records. Supervisor of Public Records. Police, Records. Constitutional Law, Access to criminal records. Regulation. Practice, Civil, Complaint.

In a civil action alleging violations of the public records law, G. L. c. 66, a Superior Court judge erred in allowing the defendant State police records access officer's motion to dismiss the plaintiff's complaint, where the complaint alleged blatant violations of the public records law [49-50]; where there is no blanket exemption from disclosure under G. L. c. 4, § 7, Twenty-sixth (f), for investigatory materials, and where, in any event, the judge could not conclude from the pleadings that the records requested were entirely exempt from disclosure as investigatory materials [50]; where, despite having a "unique right of access" to records concerning the murder that he committed, under language in 950 Code Mass. Regs. §§ 32.06(1)(g) and 32.08(1)(a) that has since been removed, the plaintiff was nevertheless entitled to request public records relating to his criminal case [50-52]; and where the plaintiff's three requests for records were sufficiently clear to permit the records access officer to identify and locate those records, and to fashion a response as required by the statute [52].

CIVIL ACTION commenced in the Superior Court Department on April 30, 2019. 

 A motion to dismiss was heard by Mary K. Ames, J.

 Adam Bradley, pro se.

 Michael B. Halpin, Special Assistant Attorney General, for the defendant.

 Rebecca S. Murray & Laurie Flynn, Special Assistant Attorney General, for Supervisor of Records, Office of the Secretary of the Commonwealth, amicus curiae, submitted a brief.

 MASSING, J. A convicted criminal has a statutory right to request public records concerning the crime he committed and to receive a response consistent with the public records law. The plaintiff, Adam James Bradley, appeals from an order dismissing his complaint alleging violations of the public records law, G. L. c. 66, 

 Page 47 

and various other claims. The complaint alleged that the defendant, the records access officer (RAO) for the Department of State Police (department), [Note 1] violated the public records law by ignoring Bradley's requests for records, as well as two orders issued by the Commonwealth's supervisor of records (supervisor) directing the RAO to respond. A Superior Court judge allowed the RAO's motion to dismiss for failure to state a claim, and a judgment dismissing the complaint entered. Because Bradley plausibly alleged violations of the public records law, we vacate in part the judgment, and remand the case for further proceedings. [Note 2]

 Background. Bradley is serving a life sentence for a murder committed in July 2012. As set forth in the complaint, [Note 3] he submitted three public records requests to the RAO, as permitted by G. L. c. 66, § 10, seeking documents related to the homicide he was convicted of committing. One of the requests also sought records concerning "the [r]ecent [c]orruption [r]egarding State troopers [s]tealing over time." He made the first request in September 2018. [Note 4] The RAO failed to respond. Bradley made the second request two months later. [Note 5] Another month passed without a response from the RAO.

 Bradley petitioned the supervisor for relief in accordance with G. L. c. 66, § 10A (a). See 950 Code Mass. Regs. § 32.08(1) (2016). The supervisor ordered the RAO to provide Bradley with a response to his records requests and to send a copy of the response to the supervisor's office. See 950 Code Mass. Regs. § 32.08(2) (2016). The RAO did not comply with the supervisor's order, and Bradley notified the supervisor of the noncompliance in two separate letters dated nearly two months apart. In the interim, 

 Page 48 

Bradley made his third request for records. [Note 6] The supervisor issued a second order to the same effect as the first, which the RAO again ignored. Despite the RAO's noncompliance, the supervisor exercised her discretion not to refer the matter to the Attorney General, who has the authority to "take whatever measures . . . necessary to ensure compliance." G. L. c. 66, § 10A (b). See 950 Code Mass. Regs. § 32.09 (2016).

 About one month after the supervisor issued the second order, Bradley filed a complaint in the Superior Court, in accordance with G. L. c. 66, § 10A (c), alleging violations of the public records law. He also asserted a number of constitutional, statutory, and common-law claims arising from those violations. [Note 7] Bradley sought a declaration that the RAO's actions were unlawful, injunctive relief compelling the RAO to produce all records requested, damages, a jury trial, and attorney's fees and costs. See G. L. c. 66, § 10A (d) (authorizing Superior Court to order injunctive relief and damages, creating presumption in favor of awarding reasonable attorney's fees and costs, but not providing for jury trials).

 The RAO moved to dismiss under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), arguing that all the records Bradley sought were "investigatory materials" exempt from disclosure under G. L. c. 4, § 7, Twenty-sixth (f) (investigatory materials exemption). The RAO also argued that Bradley was not entitled to make a public records request for documents concerning his murder conviction because, as a criminal defendant, he had "a unique right of access by statutory, regulatory, judicial or other applicable means," under 950 Code Mass. Regs. §§ 32.06(1)(g), 32.08(1)(a) (2016). [Note 8] The judge agreed and allowed the motion. 

 Page 49 

 Discussion. 1. Violations of public records law. Under G. L. c. 66, § 10 (§ 10), members of the public have a "right to access records and information held by State governmental entities." Attorney Gen. v. District Attorney for the Plymouth Dist., 484 Mass. 260, 262 (2020). The public records law promotes broad public access to governmental records. See Worcester Tel. & Gazette Corp. v. Chief of Police of Worcester, 436 Mass. 378, 382-383 (2002). Governmental records are presumed to be public. See Attorney Gen., supra at 263-264. Although the Legislature has recognized numerous exemptions from the definition of public records, see G. L. c. 4, § 7, Twenty-sixth, "exemptions are strictly construed." Hull Mun. Lighting Plant v. Massachusetts Mun. Wholesale Elec. Co., 414 Mass. 609, 614 (1993). An agency claiming an exemption has the burden of "prov[ing], by a preponderance of the evidence, that [the] record or portion of the record may be withheld in accordance with [S]tate or [F]ederal law." G. L. c. 66, § 10A (d) (1) (iv).

 Bradley's complaint alleged blatant violations of the public records law. The RAO neglected to respond to any of Bradley's requests within ten business days, as required by G. L. c. 66, § 10 (a), (b). The RAO did not permit inspection, did not furnish Bradley with copies of the records requested, and did not provide Bradley with a written response citing applicable exemptions. See G. L. c. 66, § 10 (b) ("The written response shall . . . [iv] identify any records . . . that the agency or municipality intends to withhold, and provide the specific reasons for such withholding, including the specific exemption or exemptions upon which the withholding is based"). The RAO did not "identify a reasonable timeframe . . . not [to] exceed [fifteen] business days following the initial receipt of the request" in which it would produce records, G. L. c. 66, § 10 (b) (vi), did not take the opportunity to "suggest a reasonable modification of the scope of the request," G. L. c. 66, § 10 (b) (vii), and did not petition the supervisor for relief based on the burdensomeness of the requests, as permitted by G. L. c. 66, § 10 (c). [Note 9] Furthermore, the RAO ignored two separate orders from the supervisor directing the RAO to respond. 

 Page 50 

 See 950 Code Mass. Regs. § 32.09 ("A records access officer shall promptly take such steps as may be necessary to comply with an order of the [s]upervisor").

 2. Assertion of exemptions. The RAO asserts that dismissal was nonetheless appropriate because the materials sought by Bradley were "presently exempt from dissemination" under the investigatory materials exemption. This assertion is wrong as a matter of law. "There is no 'blanket exemption' to public disclosure for records kept by police departments or for investigatory materials. . . . Rather, the applicability of an exemption to public disclosure must be determined on a case-by-case basis." Worcester Tel. & Gazette Corp., 436 Mass. at 383-384. See Bougas v. Chief of Police of Lexington, 371 Mass. 59, 65 (1976). While "an exemption [may be] available for a certain carefully defined class of documents, such as police reports . . . , an agency such as a police department cannot simply take the position that, since it is involved in investigatory work and some of its records are exempt under the [public records law], every document in its possession somehow comes to share in that exemption." Id. [Note 10]

 Nor could the motion judge properly conclude, based solely on the pleadings, that all the requested documents were entirely exempt from disclosure as investigative materials. "In order for a record custodian to prove by a preponderance of the evidence that a record is exempt under [G. L. c. 4, § 7, Twenty-Sixth (f)], the custodian must provide 'insight as to the confidential nature of the contents.'" Rahim v. District Attorney for the Suffolk Dist., 486 Mass. 544, 553 (2020), quoting Matter of a Subpoena Duces Tecum, 445 Mass. 685, 690 (2006). The RAO must provide the judge with "enough evidence about the nature and scope of the materials' contents" for the judge to determine whether the exemption applies. Rahim, supra. Such evidence may be included in an itemized, indexed document log; in some cases in camera inspection may be required. See id.; Worcester Tel. & Gazette Corp., 436 Mass. at 384-385.

 3. Unique right of access. We also reject the RAO's assertion that Bradley was not entitled to request public records concerning his criminal case because he had "a unique right of access" to those records as a criminal defendant. The regulations promulgated by

 Page 51 

 the supervisor in 2016 to implement the provisions of the public records law as amended by St. 2016, c. 121, provided that "a request for records in which an individual . . . has a unique right of access by statutory, regulatory, judicial or other applicable means, shall not be considered a request for public records." 950 Code Mass. Regs. § 32.06(1)(g). Likewise, the regulations stated that the provisions regarding appeals to the supervisor did not apply to requests "in which an individual . . . has a unique right of access to the record through statutory, regulatory, judicial or other applicable means." 950 Code Mass. Regs. § 32.08(1)(a). [Note 11]

 Based on "the plain language of the regulation," Theophilopoulos v. Board of Health of Salem, 85 Mass. App. Ct. 90, 101 (2014), we interpret the references to "a unique right of access" as stating only that the procedures of public records law do not apply to other statutory, regulatory, or judicial processes that give individuals specific avenues for obtaining specific categories of records. [Note 12] Requests for records under those regimes are not governed by the public records law, and are not subject to appeal to the supervisor. The references to "a unique right of access" made it explicit that the supervisor has no authority with respect to the enforcement of rights of access outside the sphere of the public records law.

 The RAO's reading of the regulations, adopted by the motion judge, conflicts with the purpose of the public records law. See TBI, Inc. v. Board of Health of N. Andover, 431 Mass. 9, 13 (2000), quoting Protective Life Ins. Co. v. Sullivan, 425 Mass. 615, 618 (1997) ("Regulations may not be interpreted in a way that produces a result which 'is contrary to the plain language of the statute and its underlying purpose'"). The public records law "extends the right to examine public records to 'any person' whether intimately involved with the subject matter of the records he seeks or merely motivated by idle curiosity." Bougas, 371 Mass.

 Page 52 

 at 64. An individual's status as a criminal defendant -- or as a civil litigant -- "neither detracts from nor lends support to the request . . . for disclosure under [§ 10]." Id. [Note 13]

 Tellingly, the supervisor recently amended these regulations to strike both references to "a unique right of access." See 1445 Mass. Reg. 227, 231 (June 11, 2021). [Note 14] In the amicus letter filed in this matter, the supervisor disavowed the interpretation of the prior regulations that the RAO and the motion judge had adopted, as do we. [Note 15] 

 4. Sufficiency of complaint. Bradley's three requests for records concerning the murder were sufficiently clear to permit the RAO to identify and locate those records promptly, see 950 Code Mass. Regs. § 32.06(1)(b) (2016), and to fashion a response as required by § 10. To the extent that Bradley's request with respect to the department overtime scandal was unclear or overly burdensome, the RAO had the obligation to "suggest a reasonable modification of the scope of the request or offer to assist the requestor to modify the scope of the request if doing so would enable the agency . . . to produce records sought more efficiently and affordably." G. L. c. 66, § 10 (b) (vii).

 At least in regard to the public records law claims, Bradley's complaint made "factual 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief," Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007), under the public records law. Although perhaps not a model of concise expression, the complaint was not "so verbose and confusing that it fails to give the defendant[] 'fair notice of what the plaintiff's [claims are] and the grounds upon which [they rest].'" Mmoe v. Commonwealth, 393 Mass. 617, 621 (1985), quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). We discern no basis for dismissing the complaint for failure to comply with Mass. R. Civ. P. 8, 365 Mass. 749 (1974).

 Conclusion. The portion of the judgment dismissing Bradley's claims under the public records law and regulations is vacated,

 Page 53 

 and the case is remanded for further proceedings. The judgment is in all other respects affirmed.

So ordered.

FOOTNOTES
[Note 1] See G. L. c. 66, § 6A ("Each agency . . . shall designate [one] or more employees as records access officers"). 

[Note 2] We acknowledge the amicus letter filed, at our request, by the public records division of the Secretary of the Commonwealth. 

[Note 3] In reviewing the sufficiency of a complaint under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), "the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiff's favor, are to be taken as true." Blank v. Chelmsford Ob/Gyn, P.C., 420 Mass. 404, 407 (1995). 

[Note 4] In this request, Bradley sought an "index list of everything you have . . . [p]ertaining to the . . . murder," and copies of the "[c]ase master [r]eports for this [h]omicide." With respect to the department overtime scandal, he requested "the original complaint" and police reports. 

[Note 5] In the second request, Bradley asked for copies of "[t]urret tapes; dispatch [c]alls; [r]adio [f]requency" from 3 a.m. to 6 p.m. on the date of the homicide, as well as the issuance of any "[b]e on the lookout" bulletins on the same date. 

[Note 6] In this request, Bradley asked for documents related to a specific laboratory case number and a specific department case number, including reports authored by nine identified State police troopers; "[p]hotographs, [d]ocuments, [r]eports" related to the discovery of latex gloves at the scene of the homicide; "[a]n index list of [a]ll [r]eports, [d]ocuments, [c]ase information that was either [r]eset, [e]dited, [c]orrected or [d]eleted"; and certain "[c]rime [s]cene [s]ervices [s]ection [r]eports." 

[Note 7] We discern no error in the dismissal of Bradley's claims other than those concerning the RAO's noncompliance with the public records law and regulations. 

[Note 8] In the alternative, the RAO argued for dismissal under Mass. R. Civ. P. 41 (b) (2), 365 Mass. 803 (1974), on the ground that Bradley failed to plead "a short and plain statement" of his claims as required by Mass. R. Civ. P. 8 (a), 365 Mass. 749 (1974), and that he also failed to comply with the requirement that the pleading "be simple, concise, and direct," in accordance with Mass. R. Civ. P. 8 (e) (1), 365 Mass. 749 (1974). 

[Note 9] The RAO also possessed the discretion to assess a reasonable fee to comply with the request in accordance with G. L. c. 66, § 10 (d). However, having failed to respond within ten business days, the RAO forfeited the option to charge a fee. See G. L. c. 66, § 10 (e). 

[Note 10] The RAO's blanket assertion of exemptions under G. L. c. 4, § 7, Twenty-Sixth (a) & (c), fares no better. To the extent these exemptions may apply to particular documents identified in response to Bradley's requests, the RAO must assert them on a document-by-document basis. 

[Note 11] As discussed infra, these provisions were recently rescinded. 

[Note 12] Examples of unique rights of access afforded by statute or regulation include the Fair Information Practices Act, G. L. c. 66A, which permits individuals to request personal data held by State executive agencies, see G. L. c. 66A, § 2 (i) & (j); the student records law, G. L. c. 71, § 34D, as implemented by 603 Code Mass. Regs. §§ 23.00 (2002), which gives the parents and guardians of public elementary or secondary school students the right to inspect their students' records; and statutes and regulations permitting certain individuals to obtain the autopsy reports of their decedents, see G. L. c. 38, § 2; 505 Code Mass. Regs. §§ 1.00 (2010). Likewise, litigants in civil and criminal cases in the judicial system possess discovery rights to obtain records from opposing parties. 

[Note 13] Accordingly, we need not reach the question whether the supervisor, by regulation, could exclude a class of persons from the rights provided by the public records law. 

[Note 14] We may take judicial notice of the contents of the Massachusetts Register. See G. L. c. 30A, § 6. 

[Note 15] We recognize that the motion judge did not have the benefit of the supervisor's input when deciding the motion to dismiss. 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.